UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIGUEL R CASTILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01003-JRS-DML |
| | ) |
| J TUTT, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Granting Defendants' Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Miguel Castillo, an inmate currently incarcerated at Indiana State Prison, filed this civil rights action under 42 U.S.C. § 1983 alleging that the defendants, Sergeant Tutt and Correctional Officer Elam, used excessive force against Mr. Castillo while he was incarcerated at New Castle Correctional Facility ("NCCF").

The defendants seek summary judgment arguing that Mr. Castillo failed to exhaust his available administrative remedies before filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Mr. Castillo has not responded to the defendants' motion, and the time to do so has passed. For the reasons explained below, the defendants' motion is **granted**.

**II. Legal Standard**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not

establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

Mr. Castillo failed to respond to the defendants' summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party

contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Basic v. Heinemanns, Inc.*, 121 F.3d 281, 285-86 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "[r]educ[e] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Statement of Facts

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to Mr. Castillo as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

### A. Administrative Remedy Procedure

At all times relevant to the claims in this case, Mr. Castillo was an inmate at NCCF. Dkt. 26-1 at ¶ 4. The Indiana Department of Correction ("IDOC") has an Offender Grievance Process (hereinafter the "Process") which is intended to promote the prompt and effective resolution of a broad range of issues and complaints that inmates may have. *Id.* at ¶ 6. NCCF uses the Process to address inmate complaints. *Id.* Mr. Castillo received information concerning the Process upon his entry into IDOC, and all offenders at NCCF have access to the Process through the law library. *Id.* at ¶¶ 21-22.

Pursuant to the Process, an inmate must first attempt to informally resolve a complaint. *Id.* at ¶ 9. He does so by either requesting State Form 52897 from a casework manager, unit team

member, or grievance specialist or discussing the complaint with the staff member responsible for the situation or the staff member in charge of the area where the situation occurred. *Id.* at ¶ 9; dkt. 26-2 at 8-9. An inmate that is unable to resolve a complaint informally must then proceed to a Level I grievance. Dkt. 26-1 at ¶ 11; dkt. 26-2 at 9.

An inmate proceeds to a Level I grievance by submitting a completed State Form 45471 to the grievance specialist no later than 10 business days after the incident giving rise to the complaint. Dkt. 26-1 at ¶ 11; dkt. 26-2 at 9. The grievance specialist screens each Level I grievance for compliance with IDOC policy. Dkt. 26-1 at 13. If a Level I grievance is accepted, the grievance specialist logs the grievance into the Offender Grievance Review and Evaluation System ("OGRE"), the grievance is assigned a number, and the inmate receives a receipt. *Id.* at ¶ 14. If a Level I grievance is rejected, the grievance specialist returns it to the inmate with a form indicating the reason for the rejection. *Id.* at ¶ 13. An inmate then has five business days to resubmit a corrected grievance. *Id.*

If an inmate is not satisfied with the response to his Level I grievance, or he does not receive a response, he may initiate a Level II appeal. *Id.* at ¶ 15; dkt. 26-2 at 11-12. An inmate must initiate a Level II appeal within five business days of receiving the response to his Level I grievance. Dkt. 26-1 at ¶ 15; dkt. 26-2 at 12. An inmate may take one more appeal after the Level II appeal. Dkt. 26-2 at 12-13. The decision on this appeal is final. *Id.* at 13.

### B. Mr. Castillo's Use of Administrative Remedy Process

Records from OGRE indicate that Mr. Castillo has used the Process to file grievances in the past. Dkt. 26-3. These records also indicate that Mr. Castillo did not file a grievance related to the incident in March 2018 involving Sergeant Tutt and Correctional Officer Elam. *Id.*

In his complaint, Mr. Castillo stated that he did not file a grievance because "the counselors were in transition [and he] had no stable unit team to send grievances to." Dkt. 1 at 4. The defendants have submitted evidence that Mr. Castillo could have started the process by contacting correctional officers, pod representatives, or other staff. Dkt. 26-1 at ¶ 20. He did not need to use a counselor or unit team manager to file a grievance. *Id.*

### III. Discussion

The defendants assert that Mr. Castillo's claims are procedurally barred due to his failure to exhaust the administrative remedies available to him. The uncontested facts demonstrate that the defendants have met their burden of proving that Mr. Castillo "had available [administrative] remedies that he did not utilize." *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

#### A. Exhaustion

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1057-58 (2016) (explaining why "all inmates must now exhaust all available remedies" and concluding that "[e]xhaustion is no longer left to the discretion of the district court" (internal quotation marks and citation omitted)).

The defendants have submitted evidence to show that Mr. Castillo did not complete the administrative remedy process as required by the PLRA. Although Mr. Castillo has filed grievances in the past, he did not file a grievance concerning his claims that Sergeant Tutt and

Correctional Officer Elam used excessive force while transporting him in March 2018. Mr. Castillo has not fully exhausted the administrative remedy process.

### B. Availability

While the PLRA has a strict exhaustion requirement, it also "contains its own, textual exception to mandatory exhaustion. Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 136 S. Ct. at 1858.

"[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Id.* at 1858 (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted). It is the defendants' burden to establish that the administrative process was available to Mr. Castillo. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendant must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

The defendants have met their burden of proving that the administrative remedy process was available to Mr. Castillo. Although Mr. Castillo stated in his complaint that counselors and his unit team manager were unavailable, dkt. 1 at 4, the defendants have submitted evidence that Mr. Castillo could have submitted a grievance via correctional officers, pod representatives, and other staff, dkt. 26-1 at ¶ 20. Mr. Castillo has not refuted this factual assertion. Mr. Castillo's failure to submit a grievance to other, available prison officials does not render the administrative remedy process unavailable.

## IV. Conclusion

As explained above, the defendants have demonstrated that Mr. Castillo failed to exhaust the administrative remedies available to him before filing this lawsuit. The consequence, in light of § 1997e(a), is that this action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice").

The defendants' motion for summary judgment, dkt. [24], is **granted**. This action is **dismissed without prejudice**. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 11/19/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MIGUEL R CASTILLO
161169
Indiana State Prison
One Park Row
Electronic Service Participant – Court Only

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com